```
         IN THE UNITED STATES DISTRICT COURT FOR
       THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                              *
WILLIAM H. CLAY,
                              *
     Plaintiff

v.                            *    CIVIL NO.: WDQ-04-2035

NEW PENN MOTOR EXPRESS,       *
INC.,
                              *
     Defendant.               *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION AND ORDER

William Clay sued New Penn Motor Express, Inc., ("New Penn") for failure to accommodate his disability in violation of the American With Disabilities Act ("ADA").[1] Pending are New Penn's motion for summary judgment and Clay's cross motion for partial summary judgment. Also pending is Clay's motion for leave to amend his complaint. For the following reasons, New Penn's motion for summary judgment will be granted, and Clay's motion for summary judgment and motion for leave to amend his complaint will be denied.

I.   BACKGROUND

Clay has been employed as a New Penn truck driver for approximately ten years. *See* Complaint at ¶9. In April 1998,

---

[1] 42 U.S.C. § 12101 *et seq.* (2005).

Clay injured his Achilles tendon[2]. *Id.* at ¶ 10. In April 2000 and February 2001, Clay underwent two surgeries for this injury. *Id*. at ¶¶12-13. In August 2001, Clay was certified by a physician to return to work with no restrictions. *Id*. at ¶ 14; *See* Def. Mot. Summ. J. Ex. B.

Upon Clay's return, he was assigned to a new truck, the International 961 (the "International") *Id*. at ¶ 15. Clay believed that the International's clutch pedal and steps were easier on his Achilles tendon than his previous truck, the Sterling 997 (the "Sterling"). *Id.* at ¶ 16. Despite Clay's preference for the International, he was later told that he would no longer drive the truck because it was an older, high-mileage spare truck. *See* Def. Mot. Summ. J. Ex. C. Consequently, he was reassigned to the Sterling. *See id.* Although New Penn drivers typically drive one truck, New Penn's policy is that its trucks are assigned to--not chosen by-- drivers. *See* Def. Mot. Summ. J. Ex. A. The Collective Bargaining Agreement between the International Brotherhood of Teamsters and New Penn prohibits a driver from choosing a specific truck. *See* Def. Mot. Summ. J. Ex. B.

---

[2]The Achilles tendon is fibrous tissue that connects the heel to the muscles of the lower leg.

Although Clay offered no medical support for his belief that the International was better for his injury, New Penn modified the Sterling with International's clutch pedal. *See Complaint at* ¶ 23. New Penn, however, made no effort to modify the truck's steps. *Id.* at ¶ 25. Since requesting that New Penn modify the Sterling, Clay has driven the Sterling or--when available--the International. *See* Def. Mot. Summ. J. Ex. 2. When neither the Sterling nor International is available, Clay has declined to drive any other truck. *See id.*

Clay claims that New Penn's failure to reassign him to the International or to modify Sterling's steps violates the ADA. On October 21, 2002, Clay filed an ADA claim with the Equal Employment Opportunity Commission ("EEOC"). After an investigation, the EEOC determined that there was reasonable cause to believe New Penn had failed to accommodate Clay and issued a right to sue letter. On June 30, 2004, Clay filed this suit.

## II. LEGAL DISCUSSION

A.  Motion for Summary Judgment

1. Standard of Review

Summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled

3

to judgment as a matter of law. In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986), the Supreme Court explained that, in considering a motion for summary judgment, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Thus, "the judge must ask ... whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id.* at 252.

The court must view the facts and the reasonable inferences drawn therefrom "in the light most favorable to the party opposing the motion," *Matsushita Electric Industrial Company v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), but the opponent must produce evidence upon which a reasonable fact finder could rely. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986). A "scintilla" of evidence is not sufficient to preclude summary judgment. *Anderson*, 477 U.S. at 252.

2. Failure to Accommodate under the ADA

Clay contends that New Penn discriminated against him by failing to make a reasonable accommodation for his

4

disability.

The ADA prohibits discrimination "against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

Absent direct evidence, an inference of discrimination may arise by proof of a prima facie case of discrimination. *See McDonnell Douglas v. Green*, 411 U.S. 792, 802 (1973). To establish a prima facie case of failure to accommodate, the plaintiff must prove that: (1) he has a disability within the meaning of the statute; (2) the employer had notice of his disability, (3) with reasonable accommodation he could perform the essential functions of the position; and (4) the employer has refused to make a reasonable accommodation. *Rhoads v. FDIC*, 257 F.3d 373, 387 (4th Cir. 2001). Clay's claim must fail because he cannot establish that he is disabled.

Under the ADA, a person is disabled if he has a "physical or mental impairment that substantially limits one or more of the major life activities of such individual". 42 U.S.C. § 12102(2)(A). A major life activity is one "of central

5

importance to daily life." *Toyota Motor Mfg., Ky., Inc., v. Williams*, 534 U.S. 184, 197 (2002).  To be substantially limited in a major life activity, the plaintiff must be significantly restricted in performing the activity.  *See id.* at 196-97.  The ADA is interpreted strictly to create a demanding standard for qualifying as disabled.  *Id.* at 197.

Clay claims that his disability substantially limits his ability to walk, stand and climb stairs.  *See* Plain. Cross Mot. Summ. J. pp. 8-12.  Clay, however, offers no medical evidence to substantiate his claims.  Although medical evidence is not necessary for an ADA claim, the absence of such evidence favors the employer. *See Gallimore v. Newman Machine Co., Inc.*, 301 F.Supp. 2d 431, 444 (M.D.N.C. 2004). The absence of medical evidence in this case overwhelmingly favors New Penn, because the Plaintiff's evidence is insufficient as a matter of law to establish a disability under the ADA.

Clay and his wife testified during depositions that it is very difficult for him to walk, stand and climb stairs. *See* Plain. Cross Mot. Summ. J. Exs. D, J.  Clay's orthopedic surgeon, Dr. Ciotola, however, never restricted his ability to engage in such activities.  *See* Def. Mot. Summ. J. Ex. U.  Dr. Ciotola merely recommended that Clay wear a brace while driving

6

or walking and for prolonged standing and climbing stairs to lessen the chance of further problems with his tendon. *See id.* After Clay's 2003 examination, Dr. Ciotola expected Clay to be able to engage in normal activities like walking for 15 minutes and standing for 30 minutes while wearing the brace. *See id.*

Although Clay claims that he is substantially limited in these major life activities, there is ample evidence that he is able to walk at least 500 feet when he visits New Penn's New Jersey terminal, walks sufficiently to go to the mall and the movies, take weekend trips with his wife, including biking trips and kayaking trips. *See* Def. Mot. Summ. J. Ex. A.  Clay can also climb the stairs of his home and climb out of his truck on a daily basis without assistance. *See id.*  Although Clay may experience some discomfort in doing some of these activities, discomfort alone is insufficient for a finding of disability. *See Kriskovic v. Wal-Mart Stores, Inc.*, 948 F.Supp. 1355, 1364 (E.D.Wis. 1996) (physician merely discouraged--not restricted--stair climbing); *Penny v. United Parcel Service*, 128 F.3d 408, 414-17 (6th Cir. 1997)(moderate difficulty and pain in walking insufficient); *Talk v. Delta Airlines, Inc.*, 165 F.3d 1021, 1025 (5th Cir. 1999) (limp from deformed foot and slower pace not a disability); *Vass v. The Riester & Thesmacher Co.*, 79 F.Supp. 853, 860 (N.D. Ohio

7

2000) (ability to stand for 30 minutes without discomfort and painfully climb eight stairs without assistance); *Stewart v. Weast*, 228 F.Supp. 2d 660, 662 (D. Md.2002) (inability to walk long distances or climb stairs not a substantial limitation).

Accordingly, New Penn's motion for summary judgment will granted, and Clay's cross motion for summary judgment will be denied.


B.      Motion for Leave to File an Amended Complaint

Clay seeks leave to amend his complaint to add an ADA retaliation claim. The elements of a retaliation claim are: (1) engagement in a protected activity; (2) adverse employment action by the employer; and (3) a causal connection between the protected activity and the asserted adverse action. *Von Gunten v. Maryland*, 243 F.3d 858, 863 (4th Cir. 2001).

Motions to amend are to be granted absent futility. *Ward Elecs. Serv., Inc. v. First Commercial Bank*, 819 F.2d 496, 497 (4th Cir. 1987) *(citing Foman v. Davis*, 371 U.S. 178, 182 (1962)). Clay alleges that New Penn's failure to modify the Sterling's steps was an adverse employment action because such failure rendered

8

his working conditions unsafe. Refusal to grant a change requested by an employee is not an adverse employment action unless the employee has a right to the requested change under the law or through the terms and conditions of his employment. *See Randlett v. Shalala*, 118 F.3d 857, 862 (1st Cir. 1997). As Clay is not disabled, he was not entitled to the requested change. Therefore, his motion for leave to amend his complaint will be denied.

### III. CONCLUSION

For the reasons discussed above, New Penn's motion for summary judgment will be granted, and Clay's cross motion for summary judgment and motion for leave to amend his complaint will be denied.

<u>April 29, 2005</u>                              <u>        /s/        </u>
Date                                   William D. Quarles, Jr.
                                       United States District Judge